2369



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. H. Cavness
State Auditor
Austin, Texas

Dear Mr. Cavness:

Opinion No. 0-4863

Re: Form of State commission
issued and to be issued
to Notaries Public, under
existing constitutional
provisions.

You have submitted to this Department request for opinion concerning the form of commission to be issued to Notaries Public, under existing constitutional provisions. Attached to your letter is a blank form which you state is the one that is being used by the Secretary of State. Such form reads as follows:

"IN THE NAME AND BY THE AUTHORITY

======= T H E   S T A T E   O F   T E X A S   =======

TO ALL TO WHOM THESE PRESENTS SHALL COME -- GREETING:

WHEREAS,

COUNTY, TEXAS
has been appointed by the Secretary of State of Texas a Notary Public in and for the above county.
Now, Therefore, I,                    Secretary of State, by virtue of the authority vested in me by The Constitution And Laws of This State, Do hereby commission the above named person a Notary Public in and for said county, giving and granting the said officer all authority, power, rights, privileges and emoluments appertaining to said office for and during the term ending
    JUNE 1, 19                          Date issued
    EXPIRATION DATE

_____
Secretary of State."

Water-marked or lithographed into the paper, on which this document is printed, is a facsimile of the great seal of the State of Texas. It is apparent from the wording of the commission that the Governor of Texas does not sign these commissions, but they are purportedly issued in the name of and by the authority of the Secretary of State.

You ask a number of questions concerning this commission. In the interest of brevity of this opinion, we are taking the liberty of rephrasing your questions, a number of which concern the same issue. What you desire to know, it appears to us, is expressed in the following interrogatories:

1. Must all commissions to State officers, including commissions to Notaries Public, be signed by the Governor and attested by the Secretary of State?

2. What is the character of seal which the Constitution of Texas requires should be affixed to all commissions issued by the Governor?

3. When should the seal be affixed?

4. Is a commission valid, (a) which is not signed by the Governor; or, (b) which bears a seal affixed other than the device prescribed by the Constitution to impress upon the document the insignia of the State; or, (c) where the seal of State is affixed to the commission before it is signed by the Governor?

5. If the commissions issued to Notaries Public on the form attached to your letter are invalid, does it follow that the official acts of such Notaries Public are invalid, and that fees have been illegally collected by them?

Article 4, Section 20, of the Texas Constitution, provides:

"All commissions shall be in the name and by the authority of the State of Texas, sealed with the State seal, signed by the Governor, and attested by the Secretary of State."

Prior to the amendment of 1940, Article 4, Section 20, of the Texas Constitution read as follows:

"The Governor, by and with the advice
and consent of two-thirds of the Senate,
shall appoint a convenient number of Notar-
ies Public for each county, who shall per-
form such duties as now are or may be pre-
scribed by law."

In 1940 this Section of the Constitution was amend-
ed so that it now reads as follows:

"The Secretary of State shall appoint
a convenient number of Notaries Public for
each county who shall perform such duties
as now are or may be prescribed by law.
The qualifications of the Notaries Public
shall be prescribed by law."

The sole effect of the amendment was to change the
appointing power of Notaries Public from the Governor to the
Secretary of State. No change was made or implied in the
provision of the Constitution requiring all commissions to
State officers, including Notaries Public, to be signed by
the Governor and attested by the Secretary of State. The
issuance of the commission is separate and distinct from
the act of appointment. The authority of the Governor to
commission does not depend upon whether he appoints. The
Governor, for example, commissions officers elected by the
people. The commission is simply evidence of the officer's
appointment or election, and of his right to exercise the
functions of the Office. Marbury v. Madison, 2 L. ed. 61.
Under the Constitution, commissions to State officers, in-
cluding Notaries Public, can be issued only by the Governor.
It follows that a commission issued to such officers by any
official other than the Governor is invalid.

The Constitution of the State of Texas prescribes
the character of the seal which is to be affixed to commis-
sions.

Article 4, Section 19, of the Constitution pro-
vides:

"There shall be a seal of the State which
shall be kept by the Secretary, and used by
him officially under the direction of the
Governor. The seal of the State shall be a
star of five points encircled by olive and

live oak branches, and the words, 'The
State of Texas'".

The word "seal" may have more than one meaning.
For example, it may mean a device bearing a design so
made, as by engraving, that it can impart an impression
in relief upon a soft tenacious substance, as clay, wax
or paper. On the other hand, it may signify the impression
so made by the device. Webster's International Dictionary,
Second Ed. (1940).

It is obvious from an examination of the language
of Article 4, Section 19, that the word "seal" is used there-
in in the first sense as meaning the device by which the im-
pression is transmitted. In this connection it is important
to note that the section contemplates a single seal, requires
that it be "kept" by the Secretary of State, and "used" by
him. The words "kept" and "used" make it clear that the
framers of the Constitution had in mind a mechanical device
to be retained in the possession of the Secretary of State,
and used by him to make an impression on the documents offi-
cially executed by the Governor of the State of Texas, to at-
test the Governor's signature and the authenticity of the
document.

Since Article 4, Section 20, requires that all com-
missions shall be "sealed with the State seal", such commis-
sions should bear a seal impressed thereon by the use of the
device, which is to be retained in the possession of the Sec-
retary of State, under the provisions of Article 4, Section
19. Any other character of seal does not comply with the con-
stitutional requirements.

It is not contemplated by the constitutional provis-
ions that the seal of the State shall be affixed prior to sig-
nature of the document by the Governor. The function of the
seal is to attest or witness or establish the authenticity of
the Governor's signature. Marbury v. Madison, cited supra, at
p. 67. It is obvious that the Governor's signature can not
be attested before he has affixed it to the instrument.

We have already noted that a commission is not valid
if it is not signed by the Governor, under the provisions of
Article 4, Section 20, of the Constitution. Of course, a com-
mission which purports to have been issued by the Secretary of
State rather than by the Governor is issued by an officer upon
whom the Constitution does not confer authority to issue com-

missions, and is ineffective for any purpose.

Where the commission bears a seal affixed thereto other than by the device prescribed by the Constitution to impress upon the document the insignia of the State, the signature of the Governor is not authenticated as required by the Constitution, and such a commission, therefore, would not furnish proof of the officer's appointment and authority.

Where the seal of the State is affixed to the commission, the presumption is that the Secretary of State has properly discharged the duties of his office; in other words, the presumption is that the seal was affixed by him at the direction of the Governor, and after the Governor has signed the instrument. However, even if the fact be that the seal was affixed by the Secretary of State prior to the Governor's signature, this, while an irregularity, would not invalidate the commission. By far the safer and better practice, however, is for the Secretary of State to use the seal only in accordance with the constitutional requirement, that is, at the direction of the Governor, and after the Governor has affixed his signature.

Lastly, you are concerned, apparently, with the question whether, if the commissions issued to the Notaries Public on the form attached to your letter are invalid, does it follow that the official acts of such Notaries Public are invalid, and that fees have been illegally collected by them? It appears that the Notaries Public have actually been appointed by the Secretary of State, the lawful appointing power. As pointed out above, the commission is merely evidence of that appointment; the authority to act is derived from the appointment -- not from the commission. Marbury v. Madison, 2 L. ed. 61, at pp. 67 and 68. We are of the opinion, therefore, that the official acts of such Notaries Public are valid, though they have not been duly commissioned.

Article 3882, Revised Civil Statutes, 1925, provides as follows:

"No official who fails or refuses to take out a commission shall be entitled to collect or receive either from the State or from individuals any money as fees of office or compensation for official services. Neither the Comptroller,

commissioners court, county auditor nor any
other person shall approve or pay any claim
or account in favor of any such officer who
has so failed or refused. The Secretary of
State shall from time to time, as such com-
missions are issued by him, furnish a list
thereof to each commissioners court, each
county auditor and to the Comptroller, with
the name of the county in which such officers
reside. Each State, district, county and pre-
cinct officer is required to apply for and re-
ceive his commission."

This Article does not prohibit the duly appointed
or elected official from acting as such, but prohibits him
from collecting or receiving from the State or individuals
money as fees of office or compensation for his services,
if he has failed or refused to take out a commission. We
do not think this statute applicable to the Notaries Public
in this case. It is designed, in our opinion, to punish the
official who is not commissioned through his own default or
neglect. The language of the statute is that no official
who fails or refuses to take out a commission shall be en-
titled to fees of office. Each of these words implies the
existence of fault upon the part of the official. Under the
circumstances of the instant situation, the failure of the
Notaries Public to receive their commissions in proper form
is not due to their fault or negligence, but to an erroneous
interpretation of the law by the Secretary of State.

We are, therefore, of the opinion that the fees
of office received by these Notaries Public have not been
illegally collected.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *R. W. Fairchild*

R. W. FAIRCHILD.
ASSISTANT

RWF-MR

APPROVED JAN 20, 1943

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN